## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AMERICAN RESCUE TEAM INTERNATIONAL, a
California corporation, and DOUGLAS F. COPP,

      Plaintiffs,

      -vs-                                     No. CV 02-0224 LH/LFG

NIKKEN INC., a California corporation; SEYCHELLE
ENVIRONMENTAL TECHNOLOGIES, INC., a
Nevada corporation; and CARL W. PALMER,

      Defendants.

NIKKEN INC., a California corporation,

      Cross-claimant,

      -vs-

SEYCHELLE ENVIRONMENTAL TECHNOLOGIES,
INC., a Nevada corporation; and CARL W. PALMER,

      Cross-defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Nikken's Motion to Transfer

(Docket No. 16), filed July 2, 2002; Defendants Seychelle Environmental Technologies, Inc.'s and

Carl W. Palmer's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 14), filed July

3, 2002; Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to

Dismiss Nikken Inc.'s Cross-Complaint for Lack of Personal Jurisdiction (Docket No. 33), filed July

25, 2002; and Nikken's Evidentiary Objections to Affidavits Filed by Plaintiffs' Witnesses in

Opposition to Nikken's Motion to Transfer (Docket No. 51), filed August 21, 2002.  The Court, having considered the Motions, the memoranda, declarations, and affidavits submitted by the parties, and the applicable law, and otherwise being fully advised, finds that Nikken's Evidentiary Objections to Affidavits Filed by Plaintiffs' Witnesses in Opposition to Nikken's Motion to Transfer and Defendant Nikken's Motion to Transfer are not well taken and will be **denied** and that Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to Dismiss for Lack of Personal Jurisdiction and Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to Dismiss Nikken Inc.'s Cross-Complaint for Lack of Personal Jurisdiction are well taken and will be **granted**.

**Background**

As set forth in the Complaint, through its volunteers, American Rescue Team International ("American Rescue Team"), a non-profit organization founded by Douglas F. Copp ("Copp"), directs or assists in rescue operations at major disasters around the world.  Its principal sources of funding are contracts with producers of television documentaries and, to a lesser extent, contracts with manufacturers of products that Copp and American Rescue Team agree to endorse.  This suit stems from such a product endorsement.

In mid-1998 Copp met Carl W. Palmer ("Palmer"), president of Seychelle Environmental Technologies, Inc. ("Seychelle"), and they discussed Plaintiffs' possible endorsement of a portable water filtration system consisting of a container, either a plastic bottle labeled "IODINE TREATMENT" or a canteen, that was capped with a filter.  After testing the product in various overseas locations, Plaintiffs agreed to endorse this product in exchange for a percentage of gross sales and delivered a written endorsement to Palmer.  Palmer and his distributors then published the

2

endorsement and sold the product, including through Internet sites, but allegedly have made no royalty payments to Plaintiffs.

Unbeknownst to Plaintiffs, Defendant Nikken Inc. ("Nikken") became one of Palmer's leading customers and in early 2001 Nikken and Palmer produced a booklet promoting the Nikken PiMag Ionic Filtration Bottle. The booklet, which was distributed in hard copy worldwide and also was available at the Nikken website, contained an excerpt from Copp's endorsement of Palmer's portable water filtration system. Contrary to the language of the excerpted endorsement, however, Copp never had tested the Nikken bottle, taken it on missions, or evaluated it in any way; in fact, he had never heard of it.

Plaintiffs sue Defendants Nikken, Seychelle, and Palmer for certain violations of the Lanham Act, pursuant to 15 U.S.C. § 1125(a), and for supplemental state law claims of unfair trade practices, misappropriation of the right of publicity, unjust enrichment, and conspiracy. They also claim breach of contract against Defendants Seychelle and Palmer. Additionally, Nikken has filed a Cross-Complaint for contribution, indemnification, and breach of contract against Seychelle and Palmer.

### Defendant Nikken's Motion to Transfer

Defendant Nikken moves to transfer venue to the Central District of California, arguing that nearly all of its witnesses reside in California and that most of the evidence is present in that state. It maintains that trial in the Central District of California would be far more convenient than in New Mexico, the plaintiffs' choice of forum.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought."  This statute was enacted to allow easy transfer of a case when justice

so requires.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  Discretion to transfer a

case resides in the district court in which the case was originally brought and the decision to transfer

should be considered on an individualized, case-by-case basis.  *Stewart Org., Inc. v. Ricoh Corp.*,

487 U.S. 22, 29 (1988).

The movant bears the burden of establishing that the current forum is inconvenient.  *Tex. E.

Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

Some of the factors that have been considered by the courts in the Tenth Circuit include:  1) the

convenience of the parties, 2) the convenience of the witnesses, 3) the expense to the parties of one

venue over another, 4) difficulties that may arise from congested dockets of the courts, and 5) any

considerations of a practical nature that make a trial easy, expeditious, and economical.  *See, e.g.,*

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)(quoting *Tex.*

*Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *Scheidt v. Klein*, 956 F.2d 963

(10th Cir. 1992).

In support of its Motion, Nikken submits the affidavits of six witnesses whose testimony it

intends to present at trial.  Each witness states that because of the demands of work, home, or travel,

it would be "inconvenient" or "very difficult" to testify at a trial in New Mexico.  Each avers that

the Central District of California would be a much more convenient forum.

Plaintiffs submit affidavits establishing that Copp currently resides in New Mexico and

conducts the business of American Rescue Team from his home in New Mexico.  Two witnesses

whose testimony Plaintiffs plan to present at trial state in their affidavits that they also reside in New

Mexico and that it would be extremely or greatly inconvenient for them to travel to the Central

District of California.  Plaintiffs present two additional points favoring retention of venue in this district: that because of Copp's breathing problems, his physician has advised him to avoid travel to southern California; and that the costs of litigating in a non-resident state would be burdensome to both Plaintiffs.  Finally, Plaintiffs' choice of forum is an additional, but not decisive, factor. *Dworkin v. Hustler Magazine, Inc.*, 647 F. Supp. 1278, 1280 (D. Wyo. 1986).

Nikken objects to portions of the affidavits Plaintiffs have submitted in opposition to this Motion.  (*See* Nikken's Evidentiary Objections Affs. Filed Pls.' Witnesses Opp'n Nikken's Mot. Transfer (Docket No. 51), Aug. 21, 2002.)  The contention that American Rescue Team lacks capacity to maintain this suit is overruled, as Plaintiffs subsequently have submitted documentation demonstrating that the corporation is now in good standing with the Secretary of State of California. The remainder of the objections, which are premised on arguments that portions of the affidavits are vague, lack foundation, or violate the best evidence rule, are without merit and also are overruled.


Weighing the unique factors in this case, the Court finds that the balance favors retaining venue in New Mexico.  The Plaintiffs reside and do business in New Mexico.  Plaintiff Copp has been advised for health reasons to not travel to southern California.  The relative wealth of the two organizations is such that the burden of litigating this lawsuit in the Central District of California would weigh more heavily on Plaintiffs than does the burden of litigating in New Mexico weigh on Nikken. *See Victor Co. v. Ortho Organizers, Inc.*, 932 F. Supp. 261, 263-64 (D. Kan. 1996).

Although either forum will be inconvenient for some of the witnesses, the convenience of non-party witnesses is but one factor in the analysis. *See Tex. E. Transmission*, 579 F.2d at 568. "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible

justification for a change of venue." *Scheidt*, 956 F.2d at 966.  Plaintiff Copp, however, has presented evidence that it would be medically ill advised for him to travel to the Central District of California. Therefore, as the balance of factors does not favor transferring this case, the Motion to Transfer will be denied.

### Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to Dismiss for Lack of Personal Jurisdiction

Defendants Seychelle and Palmer move for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(2) on grounds that this Court lacks personal jurisdiction over them because they do not have minimum contacts with the State of New Mexico sufficient to satisfy due process. Plaintiffs, however, contend that the exercise of personal jurisdiction over these Defendants is justified based on their operation of a website on the Internet that is directed toward potential customers in New Mexico and through their alleged conspiracy with Nikken, a party over which the Court does have jurisdiction, and through which the necessary minimum contacts may be imputed to Seychelle and Palmer.

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)(quotations and citations omitted).  There is no federal statute authorizing nationwide personal jurisdiction in this case.  *See, e.g., AAMCO Automatic Transmissions, Inc. v. Tayloe*, 368 F. Supp. 1283, 1291 (E.D. Pa. 1973); 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:38 (4th ed. 2002)("Although Congress has the power to authorize nationwide

service and power for federal courts, it has not chosen to do so in cases of trademark infringement or unfair competition."). Therefore, pursuant to FED. R. CIV. P. 4(k)(1)(A), the Court refers to the New Mexico long-arm statute.

New Mexico courts "use a three-step test to decide whether personal jurisdiction exists over nonresident, out-of-state defendants: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act." *Rogers v. 5-Star Mgmt.*, 946 F. Supp 907, 911 (D.N.M. 1996)(Black, J.)(quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 244, 784 P.2d 986, 987 (1989)). Because the reach of New Mexico's long-arm statute extends as far as constitutionally permissible, *United Nuclear Corp. v. Gen. Atomic Co.*, 91 N.M. 41, 42, 570 P.2d 305, 306 (1977), with the first and third steps equated with the due process standard of "minimum contacts," the necessity of a technical determination of whether the non-resident committed an enumerated act has evaporated and the Court searches for the outer limits of what due process permits, *Santa Fe Techs. v. Argus Networks, Inc.* 131 N.M. 772, 779, 42 P.3d 1221, 1228 (Ct. App. 2001)(quotations and citations omitted). "Thus, for the [C]ourt to find personal jurisdiction, [P]laintiff must allege an occurrence that falls within the long-arm statute, and the [C]ourt must find the requisite minimum contacts to comport with due process." *Id.* at 779-81, 42 P.3d at 1228-29 (citing *Cronin v. Sierra Med. Ctr.*, 129 N.M. 521, 527, 10 P.3d 845, 851 (2000)). The Court may consider matters outside the pleadings, but "resolves all factual disputes raised by conflicting affidavits in Plaintiffs' favor." *Rogers*, 946 F. Supp. at 910 (quoting *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994)(Burciaga, C.J.)). As no

evidentiary hearing is being held, Plaintiffs "need only make a prima facie showing that personal jurisdiction exists." *Santa Fe Techs.*, 131 N.M. at 779, 42 P.3d at 1228.

To sustain personal jurisdiction, Plaintiffs must demonstrate that Defendants had sufficient minimal contacts with New Mexico so as not to offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In determining whether minimum contacts have been established, the Court looks at the degree to which the Defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Defendants' conduct and connection with New Mexico must be such that they should reasonably anticipate being haled into court here *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Seychelle's and Palmer's contacts with Plaintiffs occurred in California. Seychelle does not maintain an office in New Mexico and has no representatives or employees in this state. Copp and Seychelle entered into a brokerage agreement, which is the basis of a portion of this lawsuit, in California and that agreement is governed by California law. Seychelle, however, does operate a website that is accessible in New Mexico. This website provides information on Seychelle, its president Palmer, and the products Seychelle manufactures. The website is primarily informational and does not allow consumers to purchase products directly, but does let potential customers fill out a contact form and submit it through the website. Even though a potential customer in New Mexico could contact Seychelle, Palmer states in his affidavit that no one from New Mexico has ever submitted the contact form. Except for the website, neither Palmer nor Seychelle have initiated any purposeful activity within New Mexico.

8

In addressing whether a defendant's maintenance of a website meets the due process requirements of personal jurisdiction, most courts have adopted a sliding analysis:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.  The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer.  In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 119, 1124 (W.D. Pa. 1997)(citations omitted). Thus, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.*

The website at issue in this case lies between the passive and the interactive websites described in *Zippo*, and is closer to the former than the later.  While someone in New Mexico theoretically could exchange information with Seychelle over its website, no one ever has.  In sum, Seychelle's website does not constitute purposeful activity initiated within New Mexico or activity by Seychelle or Palmer directed or targeted at New Mexico sufficient to comport with the requirements of due process.  *Accord Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002)(something more than posting and accessibility of alleged defamatory articles on website needed to indicate foreign defendants purposefully directed activity in substantial way to forum state; newspapers must, through Internet postings, manifest intent to target and focus on forum state readers); *Origins Natural Res., Inc. v. Kotler*, 133 F. Supp. 2d 1232, 1236-37 (not likely that out-of-

state manufacturer would readily envision being called to bar of New Mexico court when only contact with state is single purchase of product by Plaintiff through foreign department store's website; for this and other reasons, due process would be offended by exercise of personal jurisdiction).

Plaintiffs also contend, however, that the Court can exercise jurisdiction over Seychelle and Palmer based upon their participation with Nikken in a conspiracy to deprive Plaintiffs of their rights. Participation in a conspiracy as a basis for personal jurisdiction

> is premised on the concepts that jurisdictional contacts of one in-state conspirator may be imputed to a non-resident co-conspirator or that "the acts of a nonresident conspirator, which establish sufficient contacts with the forum state [under the] state's long arm statute, are likewise sufficient to establish personal jurisdiction over nonresident coconspirators."

*Santa Fe Techs.*, at 784, 42 P.3d at 1233 (quoting *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij*, 710 F.2d 1449, 1454 (10th Cir. 1983)(alterations in original)).  Although "[t]he issue of whether conspiracy provides an adequate constitutional foundation for personal jurisdiction has challenged courts throughout the country, with differing results," the New Mexico Court of Appeals recently sided with those courts holding "that the elements of knowledge and voluntary participation can create 'minimum contacts' with the forum state such that personal jurisdiction based on a conspiracy can be constitutionally sound," *Id.* at 784, 42 P.3d at 1233.  Thus,

> [b]ecause an act in furtherance of the conspiracy is on behalf of the conspiracy, the contacts with the forum of the co-conspirator performing the act may become contacts for the other co-conspirators [and] "a defendant who has so voluntarily participated in a conspiracy *with knowledge of its acts in or effects in the forum state*, can be said to have purposefully availed himself of the privilege of conducting activities in the forum state, thereby fairly invoking the benefits and burdens of its laws."

10

*Id.* at 784-85, 42 P.3d at 1233-34 (emphasis added)(quoting *Istituto Bancario Italiano v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982)).

Even accepting as proven both that this Court has jurisdiction over Defendant Nikken and that Plaintiffs have made a prima facie showing of the existence of a conspiracy in which all Defendants participated, this basis for jurisdiction over Seychelle and Palmer cannot stand. None of the alleged tortious acts of the conspiracy were targeted or directed at New Mexico more than at any other forum where Nikken does business. Seychelle and Palmer certainly had no knowledge of and could not be expected to have known of the conspiracy's acts in or effects in New Mexico. Indeed, the alleged conspiracy did not involve New Mexico in any particular way until Copp himself moved to this state, resulting in the manifestation of his injuries in this forum. Thus, Seychelle and Palmer cannot be said "to have purposefully availed themselves of conducting activities in the forum state, thereby fairly invoking the benefits and burdens of its laws," and their Motion to dismiss for lack of personal jurisdiction must be granted.

Finally, Seychelle and Palmer also move for dismissal of Nikken's Cross-Claim, again on grounds of lack of personal jurisdiction. Nikken has not responded to this Motion. *See* D.N.M. LR-Civ.7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.") Given the Court's finding above that it does not have personal jurisdiction over Defendants Seychelle and Palmer, their Motion to Dismiss Nikken Inc.'s Cross-Complaint for Lack of Personal Jurisdiction also must be granted.

**IT IS HEREBY ORDERED** that Defendant Nikken's Motion to Transfer (Docket No. 16), filed July 2, 2002, is **DENIED**.

11

**IT IS FURTHER ORDERED** that Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 14), filed July 3, 2002 is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Seychelle Environmental Technologies, Inc.'s and Carl W. Palmer's Motion to Dismiss Nikken Inc.'s Cross-Complaint for Lack of Personal Jurisdiction (Docket No. 33), filed July 25, 2002, is **GRANTED**.

**IT IS FURTHER ORDERED** that Nikken's Evidentiary Objections to Affidavits Filed by Plaintiffs' Witnesses in Opposition to Nikken's Motion to Transfer (Docket No. 51), filed August 21, 2002, is **DENIED**.

**UNITED STATES DISTRICT JUDGE**